WACKER et al., Appellants, v. WACKER, Administrator, et al.

**Division One, December 23, 1898.**

**Resulting Trust.** A father furnished the money with which a farm was bought, and had a deed made to his daughter's husband, who extensively improved the farm, and occupied it with his wife and children. It is *held* that, while the father might have intended a resulting trust for the benefit of his daughter and her children, yet the evidence to establish it was not of that "full, clear and convincing character" which the law requires.

*Appeal from Gasconade Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

B. L. MATTHEWS and ROBERT WALKER for appellants.

(1) Under well established rules the delivery or gift of property by a father-in-law to his son-in-law, especially if made soon after marriage, is in law an advancement to the daughter. In this case there is evidence that the father John Henry Doermann, had in mind making an advancement to his daughter, Louisa, as well as to his son, John. Bridgers v. Hutchins, 11 Ired. 68; Wilson v. Wilson, 18 Ala. 176; Lindsay v. Platt, 9 Fla. 150; Stewart v. Pattison, 8 Gill 46; Dilley v. Love, 61 Md. 603; Rogers v. Mayer, 59 Miss. 524. (2) And an advancement is nothing less than an irrevocable gift of money or property, given by a parent to a child, in anticipation of such child's future share in the parent's estate. 1 Am. and Eng. Ency. of Law, 216; Woerner's Am. Law of Admin., sec. 552; Estate of Williams, 62 Mo. App. 339. (3) The sum of $3,850, contributed by John Henry Doermann toward the purchase of the farm in question, in February, 1882, was nothing more nor less than

a gift made by the father to his two children, Louisa and John, and on purchase of the farm each of said children became the equitable owner in said land to the extent of $1,925. Rogers v. Mayer, 59 Miss. 524; Barbour v. Taylor, 9 Dana (Ky.), 86; Broughton v. Brand, 94 Mo. 169; Bispham on Eq., p. 126; Bartlett v. Umfried, 94 Mo. 530. (4) And upon the death of John Henry Doermann, the evidence is that said two children, Louisa and John, received together from their father's estate two mortgages, aggregating $2,600, as a balance coming to them jointly; that said John received and collected both said mortgages, and that said Louisa (or her husband, Henry Wacker) kept the farm as a result. Neither as to the sum received by the daughter after her father's death, nor as to the one half part of the $3,850 given to her on purchase of the farm in question, is there any evidence that said Louisa ever transferred any part thereof to her husband, Henry Wacker, in writing, so as to invest the latter with the property, and the same, therefore, belongs to plaintiffs. R. S. 1879, sec, 3296; Alkire Grocer Co. v. Ballinger, 137 Mo. 369; Broughton v. Brand, 94 Mo. 169; Ilgenfritz v. Ilgenfritz, 49 Mo. App. 127.

KISKADDON & MEYER for respondents.

(1) To establish a resulting trust the evidence must be clear, strong and unequivocal, and such as to leave no room for reasonable doubt. Johnson v. Quarles, 46 Mo. 423; Burdett v. May, 100 Mo. 13; Ringo v. Richardson, 53 Mo. 385; Kennedy v. Kennedy, 57 Mo. 73; Allen v. Logan, 96 Mo. 591; Adams v. Burnes, 96 Mo. 561; Philpot v. Penn, 91 Mo. 38. (2) A mere voluntary conveyance will not raise a resulting trust, whether such conveyance be made directly or indirectly to the alleged trustee, or whether the alleged *cestui que trust* or some one else furnishes the purchase money. Shafter v. Huntington, 53 Mich. 310. (3) Nor can a resulting trust be raised contrary to the

intention of both the alleged trustee and the alleged *cestui que trust*. White v. Carpenter, 2 Paige Ch. (N. Y.) 217; Miller v. Blose, 30 Gratt. 745; Thompson v. Thompson, 18 Ohio St. 73; Edwards v. Edwards, 39 Pa. St. 369; Warren v. Steer, 112 Pa. St. 634. (4) Where a father, for the purpose of advancement to his daughter, purchases land and has it conveyed to his son-in-law, no trust results. Miller v. Blose, 30 Gratt. 745; Thompson v. Thompson, 18 Ohio St. 73; Baker v. Leathers, 3 Ind. 558; James v. James, 41 Ark. 301. (5) As to the claim that the interest of John Doermann was purchased by a part of the moneys of Louisa Wacker, it lacks, both in pleading and evidence, all the elements of certainty and clearness required to establish a resulting trust.

BRACE, P. J.—This is a bill in equity to declare a resulting trust in favor of plaintiffs, who are the children of Henry Wacker, deceased, by his first wife, Louisa, *nee* Doermann, in a tract of land conveyed to the said Henry Wacker for the consideration of $4,000, $3,850 of the purchase money for which was furnished by John H. Doermann, the father of the said Louisa. The defendants are the administrator, the widow and second wife of the said Henry Wacker, deceased; and a child born of the second marriage. All the evidence offered in the case was taken subject to objections. If so much of it as was incompetent had been ruled out, upon the offer, it must have become evident to counsel for plaintiffs even, that they had no case. The learned trial judge (HIRZEL), however, took the case as it was given to him, and disposed of it in the following terse, yet comprehensive opinion:

"Considering all the evidence in the case, part of which was clearly incompetent, it appears that Henry Wacker married Louisa Doermann in 1881; that the latter's father told the father of the former to buy a certain farm, and that he

said the farm should belong to Louisa and John Doermann, his son.

"August Wacker bought the farm and Henry Wacker advanced $150, and old man Doermann $3,850. He ordered the deed to be made to Henry Wacker. He later stated that he bought the land for Henry and John, and Henry owned and operated the whole farm at all times until old Doermann's death, and then bought out John Doermann by paying him about $2,000 for his half interest therein. The daughter, Louisa, was never consulted or spoken of. The old man evidently stood on common law ground, that if he were to give any money to his daughter, it would go to her husband. So he ordered the deed made to the husband and never made any inquiries about it, nor consulted the wishes of his daughter. Henry Wacker owned a large amount of personal property, such as is necessary to run a large farm, and made many improvements. Old Doermann gave each of his children about $2,000 in money, lands or property during his life time, and at his death each child got over $1,000 more.

"The deed to Henry Wacker was made without the slightest declaration of trust, either oral or in writing, except, perhaps, as to young Doermann. There are, however, circumstances which might indicate an intention to declare a trust, were it not for the uncontradicted fact that he made those gifts absolutely, and that there is no evidence at all indicating that he in any manner ever intended to charge Henry Wacker with anything, or in any manner indicated that his wife, Louisa, should or would own the farm, or that he should hold the farm in trust for his wife and her children. The large improvements on the farm indicate that Henry never understood it in such manner, and the declarations of the old man, if competent, do not point in a different direction.

Bank v. Graham.

"To say the least, while there may have been a resulting .trust intended, it is clear that the evidence in this case is not sufficient to establish it, for it must be 'full, clear and convincing' before a court of equity can interfere. Plaintiffs' bill must, therefore, be dismissed and judgment rendered for defendant with costs."

It was accordingly so done, and the judgment ought to be and is affirmed. All concur.